OKLAHOMA WILDLIFE FEDERATION, Anchor Industries, Inc., Tulsa Rock Company, and Sweetwater Coal Company, Plaintiffs,

v.

Donald HODEL, Acting Secretary of the United States Department of the Interior; Jed Christensen, Acting Director of the Office of Surface Mining and Reclamation and Enforcement, United States Department of the Interior; Gayle Townley, Deputy Chief Mine Inspector, Oklahoma Department of Mines; McNabb Coal Company, Inc., an Oklahoma business corporation; McNabb Stone Company, a division of McNabb Coal Company, Inc., Defendants.

No. 85–C–964–C.

United States District Court,
N.D. Oklahoma.

July 14, 1986.

Supplemental Order Aug. 6, 1986.

Thomas J. McGeady, Logan, Lowry, Johnston, Switzer, West, & McGeady, Vinita, Okl., Burk E. Bishop, Boesche, McDermott & Eskridge, Tulsa, Okl., for plaintiffs.

Gerald A. Thornton, Sp. Asst. U.S. Atty., Office of the Field Solicitor, Knoxville, Tenn., Dianne Shawley, Office of the Solicitor, Div. of Surface Mining, U.S. Dept. of Interior, Washington, D.C., for Hodel and Christensen.

Ken Ray Underwood, George W. Underwood, Tulsa, Okl., for McNabb Coal and McNabb Stone.

Stan Twardy, Chief Counsel, Okl. Dept. of Mines, Oklahoma City, Okl., for Gayle Townley.

Layn Phillips and Phil Pinnell, U.S. Attys., Tulsa, Okl., Alfred T. Ghiorzi, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for Federal Defendants.

## ORDER

H. DALE COOK, Chief Judge.

Now before the Court for its consideration is the motion for summary judgment brought by Donald Hodel (Acting Secretary of the United States Department of the Interior), Jed Christensen (Acting Director of the Office of Surface Mining Reclamation and Enforcement, United States Department of the Interior), and Gayle Townley (Deputy Chief Mine Inspector, Oklahoma Department of Mines) (hereinafter "federal defendants"). The federal defendants assert that there exist no controverted material facts and they should be granted summary judgment as a matter of law.

■ Federal defendants provide the Court with the legislative history of 30 U.S.C. § 1270(a)(1) and assert that it is only applicable against persons or government entities engaged in coal mining or reclamation activities who are allegedly violating some rule, regulation, order or permit issued under the Surface Mining Control and Reclamation Act (SMCRA). The federal defendants contend that § 1270(a)(1) does not provide the Court jurisdiction against the federal defendants unless the United States or its instrumentality is violating the law as a surface coal mining operator. From independent review of § 1270(a)(1) the Court finds that federal defendants' interpretation of § 1270(a)(1) is accurate in that it is a jurisdictional basis to enforce compliance against operators who are in violation of any rule, regulation, order or permit issued under SMCRA.

■ The federal defendants next argue that the Court's jurisdiction under 30 U.S.C. § 1270(a)(2) is limited to compelling the Secretary of the Department of Interior or the appropriate State regulatory authority to perform any nondiscretionary act or duty that is required under SMCRA. Under the plain language of SMCRA, the Secretary or the state regulatory authority has a mandatory duty to take action for alleged violations of SMCRA. The issue before the Court is what action is required and whether the Secretary discharged that duty. The enforcement devices available to the appropriate agency are set forth in 30 U.S.C. § 1271. The Court finds that with the issuance of the December 17, 1985, Cessation Order to McNabb, the Office of Surface Mining (OSM) has fulfilled its mandatory duty. The subsequent administrative procedures must be completed before this Court has further jurisdiction to take action. The Court has no continuing authority over the Secretary or the regulatory agency once they have accepted the mandatory duty to act, otherwise the Court would be taking a premature review of the merits of the Secretary's exercise of its enforcement discretion. The Court's jurisdiction under § 1270(a)(2) is limited to compelling the Secretary to take some action. Once the administrative agency has taken action, SMCRA provides for a comprehensive system of administrative and judicial review of the enforcement taken. Section 1276(a)(2) and (b) provides the Court with jurisdiction to review final actions upon completion of the administrative process. Moreover, judicial review is particularly inappropriate at this stage because, absent a final agency decision, this Court has noth-

ing before it to review. *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). Therefore the Court concludes that, once mandatory enforcement action has been initiated, the Secretary's application of the incidental mining exemption to McNabb's situation is an exercise of discretion and is beyond the jurisdictional basis set forth in 30 U.S.C. § 1270(a)(2).

WHEREFORE, premises considered, it is the Order of the Court that the motion for summary judgment filed by the defendants, Donald Hodel, Jed Christensen and Gayle Townley over and against the plaintiffs is hereby granted.

SUPPLEMENTAL ORDER

This case is now before the Court for final determination following a nonjury trial heard July 15, 16 and 17. At the commencement of trial, defendant McNabb Coal Company, Inc. reasserted its motion for summary judgment brought pursuant to Rule 56 F.R.Civ.P. alleging that defendant McNabb is entitled to a judgment as a matter of law. At the conclusion of plaintiff's case in chief, defendant McNabb renewed its motion for summary judgment. The Court took defendant's motion under advisement.

The Court has now reviewed all pleadings, briefs and arguments of counsel. It has heard the testimony and reviewed exhibits admitted at trial and has studied applicable case law and the legislative history of 30 U.S.C. § 1201 et seq., the Surface Mining Control and Reclamation Act of 1977 (the Act). The Court being fully advised finds as follows.

In October of 1985, plaintiffs Oklahoma Wildlife Federation, Anchor Industries, Inc., Tulsa Rock Company and Sweetwater Coal Company filed suit against defendants Donald Hodel, Secretary of the Department of the Interior; Jed Christensen, Director of the Office of Surface Mining Reclamation and Enforcement; Gayle Townley, Deputy Chief Mine Inspector, Oklahoma Department of Mines; McNabb Coal Company, Inc., and McNabb Stone Company.

The plaintiffs seek a declaratory judgment that McNabb is conducting a surface and mining operation within the meaning of 30 U.S.C. § 1291(28) of SMCRA, and final injunctive relief directing McNabb to refrain from conducting further coal mining until such time as McNabb obtains a coal mining permit.

On July 14, 1986 the Court entered summary judgment in favor of defendants Donald Hodel, Jed Christensen and Gayle Townley. The Court held that it lacked jurisdiction under 30 U.S.C. § 1270(a)(1) in that it is only applicable against persons or governmental entities engaged in coal mining or reclamation activities. Further the Court lacked jurisdiction under 30 U.S.C. § 1270(a)(2) since this Court's jurisdiction is limited to compelling the Secretary of the Department of Interior or the appropriate State regulatory authority to perform any nondiscretionary act or duty.

In its amended complaint, plaintiffs allegedly invoke the Court's jurisdiction under 30 U.S.C. § 1270(a)(1) against defendant McNabb. Under 30 U.S.C. § 1270(a)(1) a civil action can be instituted by any person having an interest which is or may be adversely affected,

(1) against the United States or any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution which is alleged to be in violation of the provisions of this chapter or of any rule, regulation, order or permit issued pursuant thereto, *or against any other person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter.* 30 U.S.C. § 1270(a)(1) emphasis added.

The Court finds that paragraph (a)(1) first provides for an action against a governmental entity engaged in coal mining or reclamation activities which is allegedly in violation of some substantive requirement of the Act or of any rule, regulation, or a permit issued pursuant to the Act. Section 1270(a)(1) also provides for an action against any other person who is in violation of any rule, order or permit issued pursu-

ant to the Act, but does not provide for an action against persons who are in violation of the Act itself. The legislative history reveals that in the original House draft of 30 U.S.C. § 1270(a)(1) "any person" was defined to include the United States and other governmental instrumentalities or agencies and "any person" was subject to suit for violation of the provisions of *the Act or* the regulations promulgated thereunder. *See* H.R.Rept. No. 45, 94th Cong., 1st Sess. 35 (1975). In the Senate's debates, however, concern was expressed that under the draft language of § 1270(a)(1) a mine operator would be subject to suit where it was claimed that the permit or regulations under which he was lawfully mining were not in accord with the Act. In response to this concern, Senator Fannin introduced an amendment which deleted reference to the Act with respect to citizen suits against operators. *See,* 121 Cong.Rec. S6176 (daily ed. March 12, 1975). The Senator proposing the amendment stated:

> Citizens' suits are retained in the amendments but are modified—consistent with other environmental legislation—to provide for suits against the regulatory agency *to enforce the Act,* and mine operators where violations of *regulations* or *permits* are alleged. 121 Cong. Rec. S6176 (daily ed. March 12, 1975) (emphasis added).

The Senate Conference Report further explained the distinction:

> Subsection (a) assures, that no "operator" can be sued under this section if he is operating in compliance with all regulations, orders, and an approved permit, even though the regulating authority or the Secretary has failed to properly implement the Act. In such cases, the suit must be brought against the regulatory authority. The only exception to this provision occurs if the "operator" is itself a government agency or instrumentality, such as the Tennessee Valley Authority. S.Rept. No. 101, 94th Cong., 1st Sess. 84 (1975).

The Court finds that a Government agency may be sued under (a)(1) when it is the operator of a coal mine and is not in compliance with the Act. However, an action could not be brought against a private operator unless that private operator is in violation of a rule, regulation, order or permit.

■ After reviewing all the pleadings and the evidence presented at trial, the Court finds that plaintiffs have not shown the Court any legally enforceable rule, regulation order or permit in which McNabb is allegedly in violation. Rather, plaintiffs assert McNabb is in violation of the Act. The only rules or regulations offered at trial were offered by defendant McNabb. McNabb offered defendant's exhibit No. 45, the May 7, 1984 Advance Notice of Proposed Rulemaking and Request for Public Comment published by the Department of the Interior, Office of Surface Mines. McNabb also offered defendant's exhibit No. 46, the Guide to Operators and Permittees, published by the Department of Interior, Office of Surface Mines. Both exhibits were objected to by plaintiffs as not having "the force of law" and in no way supplementing or modifying the Act. After trial concluded, plaintiff filed a written objection to the admission into evidence of Defendant's exhibit No. 46. Further, the Court finds that defendant's exhibits Nos. 45 and 46 do not have the "force of law" and therefore do not provide controlling authority.

The Court finds that the evidence adduced at trial was insufficient to establish that defendant McNabb is in violation of "any rules, regulation, order or permit issued" pursuant to the Act and has therefore failed as a matter of law to state a cause of action for which relief can be granted. Although the Court took defendant McNabb's motion for summary judgment under advisement, the Court need not rule on summary judgment since the case has been submitted on the record following nonjury trial.

WHEREFORE, from the evidence submitted to the Court, the Court finds in favor of defendant McNabb Coal Company,

Inc., and against the plaintiffs Oklahoma Wildlife Federation, Anchor Industries, Inc., Tulsa Rock Company, and Sweetwater Coal Company, on plaintiffs' claim brought pursuant to 30 U.S.C. § 1201 et seq., the Surface Mining Control and Reclamation Act of 1977.